## CHENEY *v.* STATE OF INDIANA.

[No. 26,625. Filed November 18, 1936. Rehearing denied February 10, 1937.]

Daniel Flanagan, Charles A. West and T. Ernest Maholm, for appellant.

Philip Lutz, Jr., Attorney-General, Alvin C. Johnson and Henry R. Wilson, Assistant Attorneys-General, for the State.

FANSLER, J.—Appellant was convicted of having made a false entry in a record in a bank of which she was an officer.

Error is assigned upon the overruling of the motion for a new trial. The sufficiency of the evidence is not questioned.

The indictment charges the false entry to have been made on the 7th day of August, 1934. The statute defining the crime was enacted by the General in 1933 (§10-1713 Burns' Ann. St. 1933, §2479 Baldwin's 1934, Acts 1933, ch. 103, p. 689) and became effective the 22nd day of May of that year. The jury was instructed that time is not of the essence of the offense, and that proof of the exact date on which the offense was committed is not neces-

sary; that a conviction might be had upon evidence sufficient to show that the offense was committed within five years—the period of limitation—prior to the filing of the indictment. Error is assigned upon the giving of this instruction. That it is inaccurate is admitted by appellee. In order to permit of a conviction the offense must have been committed after the statute was enacted and went into effect, which was less than five years prior to the return of the indictment. But there was no controversy at the trial as to the date of the entry. The theory of the defense admitted the entry to have been made by appellant upon the date shown on the record, but denied that it was false or made with a criminal intent. An instruction on the subject was entirely unnecessary, and this instruction served no useful purpose, but its giving could not have prejudiced appellant's substantial rights. The objection most stressed by appellant in argument is that it authorized the jury to consider transactions which occurred prior to the enactment of the statute for the purpose of determining appellant's motive or intention in making the entry. But the instruction does not have such an effect, and if it did it would not be improper, since it was perfectly proper to admit evidence of any transaction, whether lawful or unlawful, that might have a tendency to establish the motive or purpose or intention of appellant in making the entry in question, regardless of whether the transaction occurred before or after the passage of the statute under which she was prosecuted.

The jury was instructed that one who appropriates securities held for another, and disposes of them, is liable to the owner for the value of the securities converted, and that he "would not owe such personal property to the owner," but would owe a sum of money representing its value. This is an abstract proposition of law which is not applied to the

facts in the case. In order to make clear the purpose of the instruction it is necessary to outline some of the facts in the case. The indictment charges that appellant made an entry on the records of the bank showing that it was the owner of more than $600,000 of securities; that this entry was false. There is evidence that if the bank ever owned the securities in question they were never delivered to it, and never paid for in full at least, and that they were held by a broker; that they had been sold and disposed of by the broker before the entry in question was made. Appellant contends that these securities had been pledged as collateral, and that, regardless of whether the pledgee had sold or disposed of them, and appropriated the proceeds, it owed the bank the securities, and that therefore the entry was not false, since it represented a credit of securities. It is not disputed, however, that if there was any basis for setting up these securities as an asset, there should have been set up on the other side of the statement a liability for the purchase price that had not been paid. This was not done, so that in any event the entry showing that they were an asset, misrepresented the net assets of the bank. The instruction is not erroneous as an abstract proposition of law for the purposes of this case at least. Appellant claims that it was calculated to mislead the jury, but this cannot be in view of the other instructions, one of which advised the jury that, in order to convict appellant, the state must prove beyond a reasonable doubt not only that the entry was false, but that appellant knew it was false, and that it was made "with intent of doing a wrongful act."

An instruction upon the subject of good character of the defendant was refused, and this action is assigned as error. The subject-matter was covered by another proper instruction. The instruction refused is argumentative, and contains such statements

as "evidence of good character of the defendant for honesty and fair dealing should not be lightly treated." It is not for the court to discuss the weight which shall be given to any evidence.

Another instruction refused by the court was to the effect that if appellant at the time she made the entry acted in good faith, believing the entry to be true, she could not be convicted. The subjects of knowledge and intention were fully covered in other instructions.

An instruction is criticized upon the ground that it assumes that securities were placed in the hands of a broker for sale; that there is no evidence to support this assumption; that therefore the instruction is not applicable to the evidence. But there is evidence which tends to prove that all of the bank's bonds were placed in the hands of a broker for the express purpose of sale and reinvestment upon a speculative basis. The instruction begins, "should you find from the evidence beyond a reasonable doubt" that the bonds were placed in the broker's hands for sale. There is ample evidence from which the jury might have so found, and the instruction was proper.

Error is assigned upon the admission of certain evidence. An expert bookkeeper and accountant was permitted to explain the meaning of the term "collateral loan debit," which occurred in his testimony. This was not improper. The court refused to strike out the answer of a witness concerning bonds which had been negotiated by his company for appellant upon the ground that it involved a conversation which took place before the enactment of the law under which appellant was indicted. It could not matter when the transaction occurred if it tended to throw light upon appellant's motive or intention. A letter, signed by appellant, was admitted in evidence over objection. It

was addressed to a member of the brokerage firm which had disposed of the bonds. It expressed confidence that the writer would be protected on a certain $15,000. It inquired as to whether the account had been reconciled satisfactorily. It expressed the hope that things would be straightened out. In connection with the other evidence in the case, it was pertinent on the question of knowledge and intention. Objection was made to the admission of a draft which was used to pay off a loan and redeem certain collateral, upon the ground that it was drawn long prior to the taking effect of the law under which appellant was indicted. As pointed out, this is not a valid objection. On cross-examination, one of the state's witnesses was asked whether or not in his statement to the banking department he told the department that the securities of the bank were not in his possession. An objection upon the ground that the statement is the best evidence was sustained. The objection is not a valid one, since the answer to the question might have tended to affect the credibility of the witness. However, the extent of a cross-examination is within the sound discretion of the court. There was no dispute concerning the substantial facts in evidence, nor concerning the facts about which the witness had testified. That the securities in question were not in his possession, or the possession of his company, at the time the bank was closed, was clearly established and not disputed. It cannot be said that the court abused its discretion in limiting the cross-examination, nor that there is any theory upon which appellant's substantial rights could have been prejudiced thereby.

Judgment affirmed.